IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN LOZANO AND SUSIE LOZANO  }
                              }
    Plaintiffs,               }
                              }
v.                            }  CIVIL ACTION NO. H-03-1891
                              }
OCWEN FEDERAL BANK, FSB       }
                              }
    Defendant.                }

**O R D E R**

    Pending before the court is the Plaintiffs', John and Susie Lozano's ("the Lozanos") Motion for Leave to File Amended Complaint. (Docket Instrument No. 60.) On March 17, 2005, Defendant Ocwen Federal Bank, FSB ("Ocwen") also filed a Motion to Continue (Doc. 65) in which Ocwen sought additional time to verify the chain of title to Credit Suisse First Boston of a promissory note that is central to the parties' arguments[1], to evaluate the instant action for purposes of settlement, and, *if* the court should grant the newly re-added claim of fraud in Plaintiffs' Second Amended Complaint (Doc. 63), to reopen discovery for purposes of investigating such a claim. The Lozanos objected (Doc. 67) to a continuance on several grounds. The court in effect granted the Motion to Continue (Doc. 65) on March 28, 2005 (Doc. 68), but did not specify its reasoning.

    The Plaintiffs' Original Petition alleged counts for usury, violation of the DTPA, and for declaratory judgment (Doc. 1, Original Petition, Exh. B.) Subsequently, the court dismissed the Plaintiffs' claim for usury. (Doc. 17) The scheduling order then governing the action allowed the amendment of pleadings up until May 28, 2004, but the court allowed the Lozanos to file a supplement to their complaint adding a claim for fraud. (Doc. 25.) The cutoff for completion of discovery was initially set for September 1, 2004. (Doc. 22.) On September 7, 2004, the Lozanos filed a Motion to Amend their Complaint (Doc. 32) in order to add a claim for

---

[1] The Lozanos have sued Ocwen for violations of the Deceptive Trade Practices Act (DTPA), violation of the Federal Fair Debt Collection Act, and for a declaratory judgment to set aside the deed from a foreclosure sale of, and to remove the cloud of title on, the Lozano's homestead, covered by a 30-year promissory note that the Lozanos contend they paid off by making two lump sum prepayments in 1990 - seven years before the note was purchased by Ocwen.

violation of the Federal Fair Debt Collection Act, as well as other amendments Plaintffs wished to make. The court granted this Motion to Amend. The contemporaneously filed First Amended Complaint (Doc. 33) omitted any allegation of fraud which had previously been added in the supplement. When the Lozanos' controlling complaint *still* contained the fraud allegation, but temporally after the Lozanos had already filed a motion for leave to file an amended complaint omitting their fraud claim on September 7, 2004, Ocwen filed a Motion for Partial-Summary Judgment on September 10, 2004, which Motion explicitly addressed the Lozano's *then pending* allegations of fraud. (Doc. 36 at ¶ 5(a)-5(c), pp. 11-12.)

Although the discovery deadline had been subsequently reset to January 15, 2005, in light of the court's granting a continuance for further discovery (Doc. 56), on January 21, 2005, the Lozanos filed another Motion to Amend their Complaint (Doc. 60), alleging that Ocwen revealed new facts warranting the addition of a fraud claim. The facts forming the basis of this claim had been present in Ocwen's Amended Response to Plaintiff's Motion for Summary Judgment, entered September 30, 2004. (Doc. 43, p. 5 n.17.) The Lozano's Second Amended Complaint includes some minor changes[2]; but, the Complaint attempts to present allegations of fraud by stating that Ocwen's claims to ownership of the note and to holder in due course status were false when made, that Ocwen's statement that the Lozanos were not entitled to credit for their lump sum payments were also false, that such claims were made by Ocwen both with knowledge of their falsity and with the intent that the Lozanos rely on these claims; and, that the Lozanos justifiably relied on these false claims. (Doc. 63, ¶'s 31-35.) The Lozanos do not allege fraud with any greater particularity.

Ocwen has opposed the Lozano's Motion for Leave to Amend (Doc. 61) on the ground that for the almost two (2) years the Lozano's claims have been pending, Ocwen has consented at one time to the Lozano's fraud allegations in their Supplemental Complaint (Doc. 25), but, the Lozano's subsequently abandoned those claims. (Doc. 33.) Ocwen also pointed out that the Lozano's Counsel had been aware of the possibility that Ocwen no longer owned the note as early as August 2004, but had not filed to amend until January of this year, well after Ocwen's

---

[2]For example, the Lozanos now seek suffering for mental anguish of $150,000.00 *each* (Doc. 63, ¶ 23), as opposed to $50,000.00 (Doc. 33, ¶ 25); and, the Lozanos allege that "[t]he claims by Ocwen to be a holder in due course of [sic] note were false. (Doc. 63, ¶ 20.)

summary judgment motion had been pending since September 10, 2004, and after the close of the new discovery cutoff.

Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires;" "[i]n the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," the leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). There is nevertheless a general precept against allowing a movant to amend his pleadings after the opposing side or non-movant has filed for summary judgment, especially if the motion for leave to amend is a legal manoeuvre intended to circumvent such summary judgment. *See Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 541 (E.D. Tex. 2000); *See also Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990). In this instance, the Lozanos had previously appended a fraud claim to their complaint, alleging Ocwen had made a false and material representation to the Lozanos with the purpose of effectuating the Lozanos' reliance; in particular, the Lozanos alleged that Ocwen presented itself as a subsequent holder of the promissory note on their property and presented itself as having no duty to credit prior payments made to prior note-holding institutions, and that the Lozanos reasonably relied on such representation and failed to discover that their note was paid in full. (Doc. 25, pp. 1-2.) Ocwen claimed that such a fraud claim, because made in the discovery period, had allowed Ocwen to discover and defend and was proper. (Doc. 37, p. 2.) Although the Lozanos clearly omitted an explicit fraud allegation from their next Amended Petition, such document nevertheless restated the same factual basis for Ocwen's false representation that had supported their fraud claim. (Doc. 33 at ¶ 28.) Ocwen certainly addressed the Lozanos' fraud allegation in its Motion for Summary Judgment. (Doc. 36, pp. 11-12.)

The court notes that the fraud claims currently urged by the Lozanos rest on a somewhat different underlying factual basis in that they *now* rely upon Ocwen's knowledge that it did *not* in fact own the promissory note. Furthermore, this factual basis seems to have been clearly indicated since last August and September for purposes of further discovery, at the same time that the court allowed Ocwen to pursue facts concerning the ownership of the note; yet, it was at that very time that the Lozanos abandoned their fraud allegation. In opposition to the Motion for Continuance (Doc. 65), the Lozano's also expressed the intention to abandon this fraud claim

in favor of quickly progressing to trial. (Doc. 67 at p. 2.) In fact, the Lozanos urged their amendment on January 21, 2005 for the first time, almost two months before the time set for trial and beyond the time for discovery; having certainly been aware of some of the factual underpinnings of their new fraud claim, the Lozanos could have been more diligent in pursuing such allegations when the court granted the last continuance.

Therefore, the court will deny Lozano's motion to amend. (Doc. 60) However, the court will order that any remaining discovery Ocwen wishes to conduct regarding the chain of title of the note, must be completed by June 30, 2005. To the extent the court has allowed a continuance of the action, it will deem Ocwen's Motion to Continue (Doc. 65) to be granted.

Accordingly, it is hereby

ORDERED that the Plaintiffs', John and Susie Lozano's Motion for Leave to File Amended Complaint (Doc. 60) is DENIED; it is further,

ORDERED that Defendant Ocwen Federal Bank, FSB's Motion to Continue (Doc. 65) is deemed GRANTED to the extent the court vacated the docket call set for April 4, 2005; and, it is further

ORDERED that the instant action is placed back onto the court's docket control schedule with any new Amended Joint Pre-Trial Orders due by September 26, 2005, Docket Call set for October 7, 2005 at 1:30 p.m., and Two-Week Trial Term set to commence on October 11, 2005.

SIGNED at Houston, Texas, this 26th day of April, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE